IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DION ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-03317 |
| | ) | |
| Brian Grazyk, | ) | AMENDED COMPLAINT |
| | ) | |
| | ) | Honorable Judge Virginia M. |
| | ) | Kendall |
| Defendant, and | ) | |
| | ) | Magistrate Judge Mary M. Rolland |
| County of Cook, nominal defendant only. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Dion Robinson (hereinafter "Plaintiff Robinson" or "Robinson"), by and through his Court-appointed counsel, for his First Amended Complaint against Defendant Correctional Officer Brian Grazyk ("Defendant Grazyk" or "Grazyk") and nominal Defendant County of Cook (for indemnification purposes only), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff Robinson brings this civil rights action pursuant to 43 U.S.C. § 1983 to obtain relief for violation of his rights under the First and Eighth Amendments to the United States Constitution by assault, sexual molestation and threats of retaliation. Robinson also brings common law tort claims against Defendant Grazyk for tortious assault and intentional infliction of emotional distress. Plaintiff Robinson seeks an award against Defendant Grazyk for compensatory and punitive damages.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this case pursuant to 29 U.S.C. §§ 1331 and 1343(a)(3)-(a)(4), 28 U.S.C. § 1983, and the First and Eighth Amendments to the United States Constitution. Plaintiff Robinson's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Court has supplemental jurisdiction over Robinson's common law claims by virtue of 29 U.S.C. § 1367.

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because the events giving rise to this action occurred within this District.

**THE PARTIES**

4.     Plaintiff Robinson is an individual currently residing in the Cook County Jail and was at all times mentioned herein an inmate at the Cook County Jail within the State of Illinois.

5.     At all relevant times, Defendant Brian Grazyk ("Defendant Grazyk" or "Grazyk") was employed as a Correctional Officer at the Cook County Jail within the State of Illinois, acting within his scope of employment and under color of law.

6.     Defendant Grazyk is sued individually and in his official capacities for the actions he took as alleged in this First Amended Complaint by virtue of his authority as a jail official.

7.     Defendant County of Cook is named as a nominal defendant for purposes of indemnification only to pay any tort judgment for compensatory damages for which its employee Defendant Grazyk is liable within the scope of his employment in committing the misconduct described herein.

**STATEMENT OF FACTS**

8.     At all times relevant to this case, Plaintiff Robinson occupied cell number 3107, in Unit 3A of Division 10 of the Cook County Jail.

9.      On January 27, 2017, at or about 2:30 p.m., Defendant Grazyk entered Plaintiff Robinson's cell while Robinson was asleep on his bed.  Upon entering Robinson's cell, and without Plaintiff Robinson's consent, Defendant Grazyk proceeded to put his hand on Robinson's penis and to move his hand along Robinson's penis in an up and down motion.

10.      Plaintiff Robinson did nothing to warrant the assault and a sexual molestation by Defendant Grazyk.

11.      Plaintiff Robinson awoke while Grazyk was moving his hand up and down Robinson's penis, got out of his bed and protested Grazyk's conduct.

12.      In response to Plaintiff Robinson's protest, Defendant Grazyk told Robinson he would make another incident report on Robinson unless Robinson kept silent about the incident. Grayzk then left Robinson's cell.

13.      Shortly thereafter, Defendant Grayzk returned to Robinson's cell to lock it and told Robinson to remember what he had told him.

14.      Plaintiff Robinson worked to exhaust all administrative remedial measures available to him.

15.      Plaintiff Robinson reported the sexual molestation committed by Defendant Grayzk to one of the correctional officers during the 3 p.m. to 11 p.m. shift on January 27, 2017. Plaintiff completed, signed and submitted a written grievance form, entitled "Inmate Grievance Form" dated January 27, 2017.  A true and correct copy of the Inmate Grievance Form, dated January 27, 2017 and signed by Plaintiff Robinson is attached as and made a part of this complaint as Exhibit A.  Exhibit A is also signed by a representative of the Cook County Sheriff's Office indicating the document was reviewed but the signature and printed name is illegible.  Defendant's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil

Procedure do not appear to contain any written response to the January 27, 2017 Inmate Grievance Form (Exhibit A). On information and belief, Plaintiff Robinson did not receive a written response to the January 27, 2017 Inmate Grievance Form (Exhibit A).

16.     On or about January 31, 2017, Plaintiff Robinson completed and submitted a written grievance form, entitled a "Complaint Register," to the Sheriff's Office of Cook County, Office of Professional Review.  A true and correct copy of the Complaint Register, dated January 31, 2017 and signed by Plaintiff Robinson is attached as and made a part of this complaint as Exhibit B.  Defendant's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure do not appear to contain any written response to the January 31, 2017 Complaint Register (Exhibit B).  On information and belief, Plaintiff Robinson did not receive a written response to the January 31, 2017 Complaint Register.

17.     After Plaintiff Robinson was moved from Division IX to Division X of the Cook County Jail, in or about May 2017, he submitted a second written grievance form concerning the sexual molestation by Defendant Grazyk.  On information and belief, Plaintiff Robinson provided a copy of the second written grievance form to an employee of the Office of Professional Review of the Cook County Sheriff's Office during an interview on or about June 12, 2018.  On information and belief, Plaintiff Robinson did not receive a written response to the second written grievance form after the June 12, 2018 interview.

## COUNT I – VIOLATION OF CONSTITUTIONAL RIGHTS BY ASSAULT AND SEXUAL MOLESTATION

18.     Plaintiff Robinson restates and realleges the allegations contained in paragraphs 1 through 17.

4

19.     Defendant Grazyk assaulted and sexually molested Robinson while Robinson was sleeping in his bunk in his cell and in no position to defend himself.

20.     Defendant Grazyk's assault and sexual molestation of Plaintiff Robinson was intentional, willful and wanton and without consent by Plaintiff Robinson.

21.     Defendant Grazyk's unwarranted assault and sexual molestation of Plaintiff Robinson resulted in Robinson requiring medical psychological care.

22.     Defendant Grazyk's fondling of Robinson's penis without his consent was an assault and sexual molestation that violated Robinson's rights under the Eighth Amendment to the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983. Defendant Grazyk's foregoing actions were done under the color of law, and by his sexual assault against Robinson, violated Robinson's rights under the Eighth Amendment to the United States Constitution

23.     By threatening Plaintiff Robinson with retribution if he exercised his right to seek redress from the Cook County Sheriff's Office through use of the Cook County Jail's grievance system, Defendant Grazyk retaliated against Plaintiff Robinson unlawfully, in violation of Plaintiff Robinson's rights under the First and Fourteenth Amendments to the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983.

24.     As a direct and proximate consequence of Defendant Grazyk's conduct, Plaintiff Robinson suffered emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, Plaintiff Robinson respectfully requests the Court enter judgment in favor of Plaintiff Robinson and against Defendant Grazyk in an amount to be determined,

consisting of compensatory and punitive damages, Robinson's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

## COUNT II: ASSAULT

25.     Plaintiff Robinson restates and realleges the allegations contained in paragraphs 1 through 24.

26.     Defendant Grazyk engaged in the offensive touching of Robinson without Robinson's consent when he intentionally grabbed Robinson by his penis and stroked it with his hand.

27.     The foregoing actions by Defendant Grazyk constituted tortious assault against Plaintiff Robinson, and Robinson suffered physical and emotional injuries, pain and suffering as a result of Defendant's actions.

WHEREFORE, Plaintiff Robinson respectfully requests the Court enter judgment in favor of Robinson and against Defendant Grazyk in an amount to be determined, consisting of compensatory and punitive damages, Robinson's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     Plaintiff Robinson restates and realleges the allegations contained in paragraphs 1 through 27.

29.     Defendant Grazyk physically assaulted Robinson and threatened him with retribution if Robinson pursued a grievance against Grayzk.

30.     Defendant Grayzk deliberately caused Robinson to fear for his health, safety and well-being.

6

31.     Defendant Grazyk's conduct was outrageous, and was willful, wanton, malicious, and in reckless disregard for Robinson's rights.

32.     As a result of Defendant Grayzk's actions, Robinson has suffered emotional pain and suffering.

WHEREFORE, Plaintiff Robinson respectfully requests that Court enter judgment in favor of Robinson and against Defendant Grayzk in an amount to be determined, consisting of compensatory and punitive damages, Robinson's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances

### JURY DEMAND

The Plaintiff, Dion Robinson, hereby requests a trial by jury.


Dated:    April 23, 2019                    Respectfully submitted,

                                           NIJMAN FRANZETTI LLP


                                            /s/Susan M. Franzetti
                                           Susan M. Franzetti  (ARDC#3125061)
                                           10 S. LaSalle St., Suite 3600
                                           Chicago, IL  60603
                                           Telephone: (312) 251-5590
                                           Facsimile:  (312) 251-4610
                                           Email: sf@nijmanfranzetti.com


                                           ATTORNEY FOR PLAINTIFF

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Susan M. Franzetti, an attorney, hereby certifies that on April 23, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

/s/Susan M. Franzetti
Susan M. Franzetti