THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DION ROBINSON, | ) |
| Plaintiff, | ) No. 18 C 3317 |
| v. | ) Judge Virginia M. Kendall |
| BRIAN GRAZYK and COOK COUNTY, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dion Robinson alleges he was sexually assaulted by a correctional officer at Cook County Jail. Robinson brings a Section 1983 claim and state-law claims for assault and intentional infliction of emotional distress. The correctional officer, Brian Grazyk, now moves to dismiss the state-law claims because they are untimely. For the reasons stated here, the Court grants Grazyk's motion to dismiss [Dkt. 26] and dismisses Robinson's assault (Count II) and intentional infliction of emotional distress (Count III) claims with prejudice because they are time-barred.

**BACKGROUND**

The following factual allegations are taken from the First Amended Complaint (Dkt. 22) and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Dion Robinson currently resides at Cook County Jail. (Dkt. 22 ¶ 4.) On January 27, 2017, Defendant Brian Grazyk, a correctional officer at Cook County Jail, entered Robinson's cell while Robinson was asleep. (*Id.* ¶¶ 5, 9.) Grazyk then placed his hand on Robinson's penis and "move[d] his hand along Robinson's penis in an up and down motion" without Robinson's consent. (*Id.* ¶ 9.) Robinson woke up, got out of bed, and protested Grazyk's conduct. (*Id.* ¶ 11.)

1

Grazyk told Robinson that he would make another incident report against Robinson unless Robinson stayed silent about the incident. (*Id.* ¶ 12.) Grazyk left Robinson's cell, but returned soon after, locked the cell, and told Robinson to remember what he had told him. (*Id.* ¶¶ 12-13.)

Robinson reported the sexual assault to another correctional officer that day and submitted a written grievance form titled Inmate Grievance Form dated January 27, 2017. (*Id.* ¶ 15, *see also* Dkt. 22-1.) Robinson never received a written response to the January 27, 2017 grievance form. (*Id.* ¶ 15.) On January 31, 2017, Robinson completed a second written grievance form titled Complaint Register and submitted it to the Sheriff's Office of Cook County Office of Professional Review. (*Id.* ¶ 16, *see also* Dkt. 22-2.) Robinson never received a written response to the January 31, 2017 Complaint Register. (*Id.* ¶ 16.) In May 2017, Robinson was moved to a different division in the jail and submitted a third written grievance form. (*Id.* ¶ 17.) On June 12, 2018, an Office of Professional Review employee interviewed Robinson. (*Id.*) Robinson gave the employee a copy of the third written grievance form during the interview. (*Id.*) Robinson never received a written response to the third written grievance form after the June 2018 interview. (*Id.*)

Robinson filed this suit *pro se* on May 8, 2018, over 15 months after the sexual assault. (Dkt. 1.) Robinson's original complaint includes claims for "sexual abuse/harassment" and violations of 42 U.S.C. § 1983. (Dkt. 1 at 1, 7.) The Court appointed counsel for Robinson on January 8, 2019. (Dkt. 16.) Robinson, through his Court-appointed counsel, filed an amended complaint on April 23, 2019 bringing claims for Section 1983 violations (Count I), assault (Count II), and intentional infliction of emotional distress (Count III). (Dkt. 22.)

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal, not factual, sufficiency of a complaint. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir.

2001). Statute of limitations defenses are "not often resolved on a Rule 12(b)(6) motion because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.'" *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (quoting *Cancer Found., Inc., v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). "But dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Id.*

## DISCUSSION

Grazyk moves to dismiss the state-law assault and IIED claims as time-barred. The parties do not dispute that both state-law claims are subject to the one-year statute of limitations in the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101; *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (while Section 1983 claims in Illinois are subject to a two-year limitations period, the Immunity Act's "one-year period applies to state-law claims that are joined with a § 1983 claim").

Robinson argues, however, that the one-year limitations period for his state-law claims was tolled while he exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and, alternatively, that the limitations period should be equitably tolled because Cook County Jail failed to directly respond to his grievances. Grazyk argues in response (1) that the PLRA's exhaustion requirement applies only to Robinson's Section 1983 claim, not to his related state-law claims, so the state-law claims were not tolled, and (2) that Robinson has not identified any circumstances that call for equitable tolling. Grazyk is correct on both accounts.

3

**I.      Administrative Exhaustion Under the PLRA**

There is no express statute of limitations in Section 1983, so federal courts adopt the forum state's statute of limitations rules. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the limitations period for Section 1983 claims is two years. *Id.* Federal courts also borrow state tolling rules. *Id.* In Illinois, limitations periods are tolled if "the commencement of an action is stayed by an injunction, order of court, or statutory prohibition." *Id.* (citing 735 ILCS 5/13-216). In the case of Section 1983 claims, such a statutory prohibition exists—the PLRA, which requires plaintiffs to exhaust administrative remedies before filing suit. *Id.* (citing 42 U.S.C. § 1997e(a)). So "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process." *Id.* at 522.

Robinson argues that *Johnson*'s holding applies to both his Section 1983 claim and his related state-law claims and that the statutes of limitations for all his claims were thus tolled while he exhausted his administrative remedies. (Dkt. 34 at 3-5.) Robinson misreads *Johnson*. The *Johnson* court explained that the statute of limitations for the plaintiff's Section 1983 claim was tolled under Illinois law because a statutory prohibition (the PLRA) prevented the plaintiff from filing suit before exhausting his administrative remedies. 272 F.3d at 521-22. As in *Johnson*, Illinois's tolling statute applies to Robinson's claims here, but Robinson does not point to any comparable statutory prohibition (or injunction or court order) that prevented him from timely filing his state-law assault and IIED claims, and the PLRA does not apply to them, so his state-law claims were not tolled. Indeed, after *Johnson* was remanded, the district court considered this precise question—*i.e.*, "whether the one-year statute of limitations period for the state law claims was tolled while Johnson completed the administrative grievance process pursuant to the PLRA." *Johnson v. Rivera*, 98 C 3907, 2002 WL 31012161, at *2 (N.D. Ill. Sept. 6, 2002). The district

4

court held that the PLRA's exhaustion requirement did not apply to the plaintiff's state-law claims and so those claims were not tolled while the plaintiff exhausted his administrative remedies. *Id.* at *5 (dismissing the state-law claims as untimely). The same is true here. The PLRA's exhaustion requirement applies only to Robinson's Section 1983 claim, so the limitations period for his state-law claims was not tolled while he exhausted his administrative remedies. *See also Diggs v. Ghosh*, No. 14 C 3563, 2016 WL 9045474, at *6 (N.D. Ill. Jan. 14, 2016) (limitations period for IIED claim was not tolled while plaintiff exhausted his remedies under PLRA because IIED claim did not require exhaustion), *rev'd in part on other grounds*, 850 F.3d 905 (7th Cir. 2017); *Boyd v. Hein*, No. 13 C 8292, 2015 WL 3476312, at *4 (N.D. Ill. June 1, 2015) (limitations period for assault and battery claims was not tolled while plaintiff exhausted his remedies under PLRA, which requires exhaustion only for violations of federal law).[1]

## II. Equitable Tolling

Robinson also argues, in the alternative, that the one-year statute of limitations on his state-law claims should be equitably tolled while he pursued his administrative remedies and waited for the results of Cook County Jail's investigation into his grievance claims. Federal courts borrow a state's equitable tolling rules. *Johnson*, 272 F.3d at 521. "While equitable tolling is recognized in Illinois, it is rarely applied." *Am. Family Mut. Ins. Co. v. Plunkett*, 14 N.E.3d 676, 681 (Ill. App. Ct. 2014). It applies only "where a plaintiff was prevented from asserting his or her rights in some extraordinary way." *Ralda-Sanden v. Sanden*, 989 N.E.2d 1143, 1149 (Ill. App. Ct. 2013). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations

---

[1] Some courts in this district have come to the opposite conclusion and interpreted *Johnson* to stand for the proposition that the limitations periods for state-law claims are also tolled while a plaintiff exhausts administrative remedies under the PLRA. *See, e.g.*, *Stringfellow v. Holmes*, No. 14 C 2278, 2015 WL 5611764, at *2 (N.D. Ill. Sept. 23, 2015); *Cleveland v. Cty. of Cook*, No. 08 C 1177, 2009 WL 3156742, at *3 (N.D. Ill. Sept. 25, 2009). But because *Johnson* relies explicitly on the PLRA's exhaustion requirement as the "statutory prohibition" triggering Illinois's tolling rule, and because the PLRA's exhaustion requirement applies exclusively to claims under "[S]ection 1983 . . . or any other Federal law," the Court does not find those cases persuasive. *See Johnson*, 272 F.3d at 521; 42 U.S.C. § 1997e(a).

5

where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id.* (citing *Thede v. Kapsas*, 897 N.E.2d 345, 352 (Ill. App. Ct. 2008).

Robinson argues that he was delayed in filing this suit because he was required to wait for Cook County Jail to complete its investigation and respond to his grievances in order to exhaust his administrative remedies. (Dkt. 34 at 7.) As discussed above, that is true for his Section 1983 claim, but not for his related state-law claims. A mistaken understanding about the applicable filing period or whether it is necessary to administratively exhaust claims "is not an extraordinary barrier justifying equitable tolling." *See Hayes v. Hile*, 257 F. App'x 565, 566 (7th Cir. 2013). Robinson has not raised any other factors that prevented him from bringing his state-law claims before the one-year statute of limitations expired, so equitable tolling does not apply here.

Robinson's assault and IIED claims accrued on January 27, 2017, the day he was allegedly assaulted, and neither the PLRA's exhaustion requirement nor equitable tolling applies here, so the statute of limitations on those claims expired one year later, on January 27, 2018. Robinson did not bring this suit until May 8, 2018, so his assault and IIED claims are dismissed as untimely.

## CONCLUSION

For the reasons stated here, the Court grants Grazyk's motion to dismiss [Dkt. 26] and dismisses Robinson's assault (Count II) and intentional infliction of emotional distress (Count III) claims with prejudice because they are time-barred.

_____
Hon, Virginia M. Kendall
United States District Judge

Date: August 13, 2019

6